■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR MONTGOMERY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered October 20, 1983, convicting him of murder in the second degree (two counts) and attempted robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the People failed to establish his guilt beyond a reasonable doubt. Specifically, he argues that the evidence presented at trial did not demonstrate any connection between him and the alleged murder weapon. We disagree.

Specifically, the evidence established that the defendant was in the hotel room with the victim at the time of the incident, and that there were at most two other people in the room at this time. The defendant returned home after the incident, at which time he was observed to have sustained deep cuts on his right hand. The police discovered the body of the victim surrounded by blood later that night in the hotel room. The police also recovered a knife from the area of the room near the bathroom door and the exit. The knife was subsequently determined to have blood on its handle consistent with that of the defendant and inconsistent with that of the victim. The specific blood type found on the knife handle was demonstrated to be shared by only one quarter of 1 % of the population. Furthermore, the blood on the knife blade which was consistent with the defendant's blood had flowed from the handle to the blade. The testimony of the deputy medical examiner established that the cause of death was multiple stab wounds, the nature of which were consistent with infliction by the recovered knife. He also noted that one of the stab wounds had penetrated to the spinal column, and that the observed damage to the tip of the knife may have been caused by the impact of the blade on the spine. Finally, he stated that the wounds on the defendant's hand had not been sustained as a result of his grabbing the knife in self-defense inasmuch as his thumb and forefinger had not been injured. The jury, on the basis of this evidence, properly rejected the defense theory that the defendant had incurred his injuries in an attempt to protect the victim and himself from attack, and determined that in fact the defendant had used the knife to murder the victim.

We have examined the remainder of the defendant's contentions and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Brown, Lawrence and Spatt, JJ., concur.